IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DENNIS JOHNSON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:17-CV-026-O |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Dennis Johnson, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against Lorie Davis, Director of TDCJ, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed as time-barred.

## I. BACKGROUND

On September 27, 2013, in the 371st District Court, Tarrant County, Texas, Case Nos. 1313690D and 1330395D, Petitioner pleaded guilty to two counts of aggravated robbery, true to the habitual-offender notices in the indictments, and the trial court assessed his punishment at 25 years' confinement in each case, the sentences to run concurrently. SHR01[1] 65-70, ECF No. 13-10; Resp't's Preliminary Answer Exs. A-C, ECF No. 11-1. Petitioner appealed, but on November 14, 2013, the appellate court dismissed the appeal based on the trial court's certification that the case

---

[1]"SHR01" refers to the record of Petitioner's state habeas proceeding in WR-82,148-01; "SHR02" refers to the record of his state habeas proceeding in WR-82,148-02; and "SHR03" refers to the record of his state habeas proceeding in WR-82,148-03.

was a plea-bargain case and Petitioner had no right to appeal. *Id.* at 75-77. Petitioner did not file a timely petition for discretionary review (PDR), but, on October 22, 2014, the Texas Court of Criminal Appeals granted Petitioner permission to file an out-of-time PDR. SHR02 Op. 1-2, ECF No. 13-14. Thereafter, Petitioner filed his PDR, which was refused by the Texas Court of Criminal Appeals on January 14, 2015. Docket Sheet 1, ECF No. 13-2. Petitioner did not seek writ of certiorari. Pet. 3, ECF No. 1. On October 28, 2015,[2] Petitioner filed a state habeas application challenging his convictions on one or more of the grounds raised herein, which was denied by the Texas Court of Criminal Appeals on June 1, 2016, without written order on the findings of the trial court. Pet. 3, ECF No. 1[3]; Action Taken, ECF No. 13-15. This federal petition for federal habeas relief was filed on January 5, 2017.[4] Pet. 10, ECF No. 1.

In four grounds for relief, Petitioner claims that his trial counsel was ineffective and represented him under a conflict of interest (ground one, two, and three) and that he suffers from a "mental health condition." *Id.* at 6-7. He seeks permission to return to state court and accept a prior 10-year plea offer by the state. *Id.* at 7.

Respondent asserts that the petition insofar as Petitioner challenges his conviction in Case No. 1313690D is untimely under the federal statute of limitations and that the claims raised insofar as he challenges his conviction in Case No. 1330395D are unexhausted and procedurally barred. Resp't's Preliminary Answer 5, ECF No. 11. Respondent reserves the exhaustion and procedural-

---

[2]A habeas petitioner's state habeas application is deemed filed when placed in the prison mailing system. *Richards v. Thaler,* 710 F.3d 573, 578-79 (5th Cir. 2013). Although Petitioner's state habeas application does not reflect the date he placed the document in TDCJ's mailing system, the "Inmate's Declaration" reflects that it was signed on October 28, 2015. SHR03 34, ECF No. 13-17. For purposes of this opinion, the document is deemed filed on that date.

[3]Because there are attachments to the petition, the pagination in the ECF header is used.

[4]A prisoner's pro se federal habeas petition is deemed filed when placed in the prison mailing system. *Spotville v. Cain,* 149 F.3d 374, 377 (5th Cir. 1998).

default defenses pending resolution of the limitations issue. Resp't's Preliminary Answer 5-12, ECF No. 11.

**II. LEGAL DISCUSSION**

The Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), effective April 24, 1996, imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Because Petitioner's claims involve matters relevant to his 2013 plea proceedings, subsection (A) applies to this case. Under that provision, the limitations period begins to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct

3

review or the expiration of the time for seeking further direct review. *Id.* § 2244(d)(1)(A). For purposes of this provision, Petitioner's judgments of conviction became final upon expiration of the time that he had for filing a petition for writ of certiorari in the United States Supreme Court on April 14, 2015. *See Jimenez v. Quartermen,* 555 U.S. 113, 120-21 (2009). Therefore, Petitioner's federal petition was due one year later on or before April 13, 2016, absent any tolling.[5]

Tolling of the limitations period may be appropriate under the statutory provision in § 2244(d)(2) and/or as a matter of equity. Petitioner's state habeas application, pending from October 28, 2015, through June 1, 2016, operated to toll limitations for 218 days, making his petition due on or before November 17, 2016. Thus, Petitioner's federal petition is untimely unless he demonstrates that equitable tolling is justified.

Equitable tolling is permitted only in rare and exceptional circumstances when, although pursuing his rights diligently, an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner or he can prove that he is actually innocent of the crime(s) for which he was convicted. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010). Petitioner makes no assertion of actual innocence. And, there is no evidence in the record that Petitioner was prevented in some extraordinary way from asserting his rights in state or federal court. Petitioner's pro se status, indigence, lack of knowledge of the law, and difficulty obtaining court records are all common problems of inmates who are trying to pursue postconviction habeas relief and do not warrant equitable tolling. Pet. 12-13, 16-20, ECF No. 1. *See Felder v. Johnson,* 204 F.3d 168, 171-72 (5th Cir. 2000); *Turner v. Johnson,* 177 F.3d 390, 391 (5th Cir. 1999). Petitioner also alludes to a "mental health condition." Pet. 7, ECF No. 1. Although the Fifth

---

[5]The year 2016 was a leap year.

Circuit has recognized the possibility that mental incompetency might support equitable tolling, Petitioner makes no showing that his "condition" rendered him unable to pursue his legal rights during the relevant time period. *See Fisher v. Johnson,* 174 F.3d 710, 715 (5th Cir. 2000). The evidentiary burden cannot be met by mere conclusory assertions regarding mental incompetency. *See Hennington v. Johnson,* No. 4:00-CV-0292-A, 2001 WL 210405 at *4 & n.9 (N.D.Tex. Feb.28, 2001). Petitioner has not demonstrated that equitable tolling is justified.

Accordingly, absent any applicable tolling, Petitioner's federal petition was due on or before November 17, 2016. His petition filed on January 5, 2017, is therefore untimely.

### III. CONCLUSION

For the reasons discussed herein, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED** as time-barred. Further, Petitioner has not made a substantial showing of the denial of a constitutional right or that reasonable jurists would question this Court's procedural ruling. Therefore, a certificate of appealability is also DENIED.

**SO ORDERED** on this 24th day of July, 2018.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**